## STATE ex PAYNE v INDUSTRIAL COMMISSION

Ohio Appeals, 2nd Dist, Franklin Co

No 2999.  Decided March 29, 1939

Frank A. Dye, Columbus, for Relator and for the application.

Thomas J. Herbert, Atty. Gen., Columbus, and E. P. Felker, Asst. Atty. Gen., Columbus, for Respondent.

### OPINION

BY THE COURT:

Submitted on application of relator for rehearing.  Five grounds therefor are set forth.

The first ground of the application indicates that we did not have the complete file of relator's claim with the Commission before us.  The cause was submitted upon such contents of the files of the Commission as counsel for the respondent presented and had attached to his brief and prior to its submission to the court no objection was made thereto nor any claim that it was insufficient or incomplete.  Inasmuch as it was not before us we can not consider it for any purpose.

The second and fourth branches express doubt as to the correctness of the court's statement in the opinion as to the number of times and the dates when the relator made applications respecting the allowance of his claim for permanent total disability.

We undertook to set out the dates when these applications were made and the purpose thereof and have no reason to doubt that they were correct, but if incorrect as to number it is not controlling and does not affect the ultimate question.

The third ground is to the effect that we said that the Commission stated that the relator was able to drive an automobile, whereas the fact was that such statement was made only by an investigator for the Commission. It is true that this statement was made by the investigator, not by the Commission. However, it was part of the recommendation which was before the court and upon which it acted subsequent to the consideration of the recommendation.

The fifth ground takes exception to our opinion that the decision of the Commission is based upon two theories and particularly of the statement that the Commission made its order upon consideration of the reports of its own examiners in conjunction with the finding and reports of the Veterans' Bureau. This is a correct statement of our opinion of the matter.  The fact that they considered them in conjunction does not mean that the Commission was required to adopt in toto the finding of either.  The result of the consideration of the reports of the examiners of the Commission and of the Veterans' Bureau was that they accepted the conclusion of both that the applicant was suffering from permanent

total disability, but that a fair consideration of both required the fixing of the time when such disability began as of a later date than that determined by the Veterans' Bureau.

It must constantly be borne in mind that in a mandamus suit this court does not weigh evidence as in an original action where the burden upon the plaintiff is but a preponderance of the evidence. The burden upon the relator in this case is to show that the Commission abused its discretion in making the order complained of. Applying this test to the record which was before us we can not find that the relator sustained the burden of proof imposed upon him. If we were considering the case as upon a question of the weighing of the evidence for and against his claim we might readily reach a conclusion in his favor.

The application for rehearing will be denied.

HORNBECK, PJ, GEIGER & BARNES, JJ, concur.